UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKSHYA RANA,<br><br>                Petitioner,<br><br>   v.<br><br>PAMELA BONDI, et al.,<br><br>                Respondents. | CASE NO. 2:26-cv-00244-TL<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Lakshya Rana's Petition for Habeas Corpus and Complaint for Injunctive and Declarative Relief ("habeas petition"). Dkt. No. 1. Respondents are Pamela Bondi, United States Attorney General; Kristi Noem, Secretary, United States Department of Homeland Security ("DHS"); Todd Lyons, Director of United States Immigration and Customs Enforcement ("ICE"); Cammilla Wamsley, Seattle Field Office Director, Enforcement and Removal Operations ("ERO"), United States Immigration and Customs Enforcement; and Bruce Scott, Warden, Northwest ICE Processing Center ("NWIPC"). Having considered the habeas petition, Respondents' return (Dkt. No. 7), and Petitioner's reply

(Dkt. No. 11), the Court GRANTS the petition in part, DENIES the petition in part, and ORDERS Petitioner's release.[1]

## I. BACKGROUND

Petitioner is a citizen of India and arrived in the United States on May 5, 2023. Dkt. No. 7 at 2. Petitioner entered the United States without inspection and was arrested by DHS. *Id*. On May 6, 2023, Border Patrol served Petitioner with a Notice to Appear ("NTA"), charging Petitioner under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled." Dkt. No. 9-2 (NTA) at 2. Following his arrest, Petitioner was released on an Order of Release on Recognizance ("OREC"), which "allowed him to remain at liberty pending further immigration proceedings while subject to reporting and other conditions for his continued release." Dkt. No. 7 at 2; *see also* Dkt. No. 9-3 (Notice of Custody Determination and OREC). Both the Notice of Custody Determination ("Notice") and the OREC state that the actions were taken pursuant to Section 236 of the INA. Dkt. No. 9-3 at 2 (Notice stating action taken "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act"); *id.* at 4 (OREC stating Petitioner was being released "[i]n accordance with section 236 of the Immigration and Nationality Act"). On June 13, 2023, the NTA was filed with the Executive Office for Immigration Review, marking the initiation of removal proceedings against Petitioner. Dkt. No. 7 at 2. On November 14, 2023, Petitioner filed an application for asylum and withholding of removal. Dkt. No. 1 ¶ 17; Dkt. No. 8 ¶ 7.

For two years, Petitioner remained at liberty, evidently following all conditions of his OREC. *See* Dkt. No. 1; *see also* Dkt. No. 7. He appeared at a master calendar hearing in

---

[1] As used in this order, the term "Respondents" includes all Respondents except Respondent Scott. Respondent Scott has not responded to the habeas petition and has not appeared in this case.

1  Portland, Oregon, on February 5, 2024, and was scheduled for a merits hearing on April 24,
2  2026. Dkt. No. 8 ¶ 8. However, on November 8, 2025, ERO officers presenting themselves as
3  police conducted a knock-and-talk operation at a Portland, Oregon, residence. Dkt. No. 7 at 2.
4  Petitioner was inside the residence but was not the "person of interest" targeted in the operation.
5  *Id.*; *see also* Dkt. 9-4 at 3. Unexpectedly for Petitioner, he was arrested by the ERO officers "for
6  immigration violations," despite his release on an OREC. Dkt. No. 8 ¶ 10. Petitioner was not
7  provided with advance notice of his detention or the reasons for it. Dkt. No. 1 ¶ 46. He has
8  committed no crimes during his time in the United States—a fact that is uncontested. *Id.* ¶ 15;
9  *see generally* Dkt. No. 7. Shortly after his arrest, Petitioner was transferred to detention at the
10 NWIPC, where he has been held ever since. Dkt. No. 7 at 3. On January 22, 2026, Petitioner
11 filed the instant habeas petition. Dkt. No. 1.

## II.  LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to relief, *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)—that is, that they are "in custody in violation of the Constitution or laws or treaties of the United States," 8 U.S.C. § 2241(c).

## III.  DISCUSSION

Petitioner argues that he is held pursuant to 8 U.S.C. § 1226(a) and that his detention is in violation of the Due Process Clause of the Fifth Amendment.[2] *See generally* Dkt. No. 1. The

---

[2] The bulk of the Petition alleges facts and arguments asserting due process violations. Plaintiff also includes a claim for violation of the Administrative Procedure Act ("APA") and makes a general allegation regarding a policy and practice of the Tacoma Immigration Court judges. As the Court grants relief pursuant to the Fifth Amendment claim, it need not address Plaintiff's remaining claim.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 3

1  Government asserts that Petitioner's detention is lawful and mandatory pursuant to 8 U.S.C.

2  § 1225(b) and that Petitioner's detention does not violate due process.³ Dkt. No. 7 at 1.

3  The Due Process Clause of the Fifth Amendment to the United States Constitution

4  prohibits the federal government from depriving any person of "life, liberty, or property, without

5  due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons'

6  within the United States, including [noncitizens], whether their presence here is lawful, unlawful,

7  temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

8  "Procedural due process imposes constraints on governmental decisions which deprive

9  individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of

10 the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The

11 fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and

12 in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965));

13 *see also P.T. v. Hermosillo,* No. C25-2249, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26,

14 2025) ("In determining the lawfulness of Petitioner's detention, the Court will focus not on the

15 Government's claimed authority to detain, but the process by which Petitioner was detained.")).

16 In *Mathews*, the Supreme Court established a three-part balancing test determining

17 whether an administrative procedure provides the process constitutionally due:

18      First, the private interest that will be affected by the official action;
        second, the risk of an erroneous deprivation of such interest
19      through the procedures used, and the probable value, if any, of
        additional or substitute procedural safeguards; and finally, the
20      Government's interest, including the function involved and the

---

21 ³ The Government filed a notice of supplemental authority citing *Buenrostro-Mendez v. Bondi*, No. C25-20496,
   2026 WL 323330 (5th Cir. Feb. 6, 2026), asserting it supports the Government's position here that Petitioner is
22 subject to mandatory detention under 8 U.S.C. § 1225(b). *See* Dkt. No. 10. The Court does not find this authority
   persuasive. First, this split decision of the Fifth Circuit Court of Appeals is not binding on this Court and is
23 inconsistent with this Court's view, shared by the vast majority of jurists across the country, of the statutory text and
   relevant Ninth Circuit and Supreme Court authority interpreting it. Second, the *Buenrostro-Mendez* case did not
   address a situation where, as here, Respondents' own records show that Petitioner has been processed under the
24 authority of Section 236 of the INA, i.e., 8 U.S.C. § 1226. *See infra* Section III.A.; Dkt. 9-3 at 2, 4.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 4

>   fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that the *Mathews* test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). District courts in this Circuit have applied the *Mathews* test in similar circumstances since then. *See, e.g.*, *Sarwari v. Wamsley*, No. C26-121, 2026 WL 279968, at *3 (W.D. Wash. Feb. 3, 2026); *Torres v. Hermosillo*, No. C25-2687, 2026 WL 145715, at *6 (W.D. Wash. Jan. 20, 2026); *Sira-Hurtado v. Hermosillo*, No. C25-2173, 2025 WL 3294986, at *2 (W.D. Wash. Nov. 26, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025).

Respondents, in the interest of "judicial and party resources," incorporate by reference the legal arguments they presented to this Court in *Manuel v. Hermosillo*, No. C25-353 (Dec. 10, 2025), as well as in *Rodriguez Vazquez v. Bostock*, C25-5240 (W.D. Wash Sept. 30, 2025). *Id.* Consistent with persuasive authority, and as the Court did in *Manuel*, the Court will evaluate Petitioner's claims under *Mathews*, considering each factor in turn to determine whether Petitioner's re-detention comports with constitutional due process requirements, after first addressing Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225.

**A.     The Record Indicates Petitioner Is Not Detained Under § 1225**

As a preliminary matter, Respondents argue that "Petitioner's detention is mandatory under 8 U.S.C. § 1225(b) pending removal proceedings, which precludes a bond hearing and renders his 8 U.S.C. § 1226(a) claim inapplicable" because he was an applicant for admission and present in the United States without being admitted or paroled. Dkt. No. 7 at 1. However, the record before the Court clearly shows that Respondents have considered Petitioner to be

detainable only under § 1226, not § 1225, since at least May 2023, when DHS issued an "Order of Release on Recognizance" informing Petitioner that he was being subjected to terms of conditional release "[i]n accordance with section 236 of the Immigration and Nationality Act"—that is, 8 U.S.C. § 1226. Dkt. No. 9-3 at 4. The Notice of Custody Determination also states it is made "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act." *Id*. at 3. This is a critical distinction, because, as Respondents point out, the only statutory exception to detention under § 1225 is parole under 8 U.S.C. § 1182(d)(5)(A).[4] Dkt. No. 7 at 3. In other words, if Petitioner was truly subject to mandatory detention under § 1225, Respondents could never have released him under § 1226. In any event, these were determinations made by Respondents' own agents, and Respondents do not indicate that they erred in releasing Petitioner under 8 U.S.C. § 1226. The Court will not accept Respondents' arguments that Petitioner is not subject to § 1226 when their own records demonstrate that he is. Taking the determinations of Respondents' agents at face value, the Court finds Petitioner is not detained under § 1225 and, therefore, is not subject to mandatory detention.[5]

**B.    The *Mathews* Factors Weigh in Petitioner's Favor**

The Court will now turn to the *Mathews* factors.

**1.    Petitioner Has a Considerable Privacy Interest in His Liberty**

"Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Zadvydas*, 533 U.S. at 696 (a noncitizen has a liberty interest "strong enough" to

---

[4] While Respondents assert that either "the Attorney General or Department of Homeland Security ("DHS")" may grant parole under § 1182(d)(5)(a), this is incorrect. Only DHS is empowered to grant parole under that provision.

[5] In any event, "the fact that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025).

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 6

challenge "indefinite and potentially permanent" immigration detention). The Ninth Circuit has found that "a detained person's liberty interest is substantial." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1199 (9th Cir. 2022). Petitioner, unquestionably, has a strong interest in his own liberty. When Petitioner was released on his own recognizance, he acquired a liberty interest— one that Respondents concede (Dkt. No. 7 at 2)—and that interest entitles him to Due Process, which Respondents have failed to give. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. Mar. 3, 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty."). Petitioner reasonably relied on that liberty interest when, for two years, he lived in the community, followed the conditions of his OREC, submitted an application for asylum and withholding from removal, and appeared at immigration hearings as required. Therefore, the first *Mathews* factor weighs in Petitioner's favor.

### 2. The Risk of Erroneous Deprivation of Liberty Is High

In the present case, Respondents' agent determined that Petitioner could be released on his own recognizance. Dkt. No. 9-3 at 2. It is undisputed that Petitioner was not provided advanced notice of his re-detention, nor the factual basis for it. Accordingly, the Court finds that the risk of erroneous deprivation of liberty is high. *See Doe*, 787 F. Supp. 3d at 1094 ("[G]iven that Petitioner was previously found to not be a danger or risk of flight . . . the risk of erroneous deprivation remains high."). As other courts in this Circuit have found, a post-deprivation bond hearing under these circumstances "cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty." *E.A. T.-B.*, 795 F. Supp. at 1324 (citing *Domingo v. Kaiser*, No. C25-5893, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 7

subject of his motion: that is, his potentially erroneous detention.")). Therefore, the Court finds that the second *Mathews* factor weighs in favor of Petitioner.

### 3. Respondents' Interest in Re-Detention Without a Hearing Is Minimal

Respondents have not articulated any specific reason for re-detaining Petitioner without a hearing. While the Court acknowledges that providing Petitioner with a hearing before re-detaining him would require some expense of money and time, those costs are outweighed by the risk of erroneous deprivation of the liberty interest at stake. *See*, *e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 22, 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). Therefore, the Court finds that the third *Mathews* factor weighs in favor of Petitioner.

\*     \*     \*

In sum, this Court finds that all three *Mathews* factors weigh in Petitioner's favor. Therefore, his re-detention without a pre-detention hearing violated his rights under the Fifth Amendment to the United States Constitution, and Petitioner must be released.

### C. Petitioner is Not Entitled to Fees and Costs

Petitioner's request for "reasonable attorneys' fees and costs pursuant to the Equal Justice Act, 28 U.S.C. § 2412" (Dkt. No. 1 at 19–20) is DENIED because Petitioner is pro se arguing on his own behalf without an attorney.

### IV. CONCLUSION

Accordingly, the Court ORDERS as follows:

(1)   Petitioner's habeas petition (Dkt. No. 1) is GRANTED;

(2)   Respondents SHALL release Petitioner from detention immediately pursuant to the conditions in his preexisting Order of Release on Recognizance;

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 8

(3) Within 48 hours of this Order, Respondents SHALL provide the Court with a declaration confirming that Petitioner has been released from custody and informing the Court of the date and time of his release;

(4) Petitioner's request that the Court order Respondents not to transfer Petitioner from this district without the Court's approval is DENIED as moot; and

(5) Petitioner's request for "reasonable attorneys' fees and costs pursuant to the Equal Justice Act, 28 U.S.C. § 2412" is DENIED.

Dated this 19th day of February, 2026.

Tana Lin
United States District Judge